**SIGNED THIS: October 8, 2013**

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| AARON PAUL SCARLETT, ) | Bankruptcy Case No. 12-91440 |
| ) | |
| Debtor. ) | |
| ELIZABETH SCARLETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary Case No. 12-9073 |
| ) | |
| AARON PAUL SCARLETT, ) | |
| ) | |
| Defendant. ) | |

<u>OPINION</u>

This matter having come before the Court on a cross Motions for Summary Judgment, and the parties Responses thereto; the Court, having heard arguments of counsel and read the written memoranda of law filed by the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. The Debtor/Defendant filed for relief under Chapter 7 of the Bankruptcy Code on September 21, 2012.

2. On February 9, 2013, Plaintiff filed an Amended Complaint to Determine Dischargeability of Debt regarding certain debts which arose as a result of a Marital Settlement Agreement entered in the dissolution of marriage between the parties, on August 27, 2012.

3. On July 8, 2013, the parties entered an Agreed Order which resolved all debts at issue with the exception of a debt to AT&T Universal Card, which was listed on Schedule F of the Debtor/Defendant's Chapter 7 Bankruptcy Petition.

4. The Debtor/Defendant was the sole account holder and obligor on the AT&T Universal Card; however, the Plaintiff was an authorized user on that card, and the AT&T Universal Card has appeared on the Plaintiff's credit report despite the fact that she is not personally liable on the debt.

5. To date, AT&T Universal has not attempted to collect its debt from the Plaintiff, but it has attempted to collect the debt from the Defendant.

6. Paragraph 1 of Article V of the parties Marital Settlement Agreement states: "Husband shall pay and hold Wife harmless and indemnified from the following debts incurred during the marriage of the parties . . . AT&T Universal Card . . ."

Conclusions of Law

The issue before the Court is whether the Debtor/Defendant's agreement to pay and hold the Plaintiff harmless and indemnified from a debt owed on an AT&T Universal Card in the parties Marital Settlement Agreement is non-dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(15). Section 523(a)(15) of the Bankruptcy Code states:

>   (a)   A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt --

> (15)   to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit;

It is the Debtor/Defendant's position that, not only is the debt owed to the AT&T Universal Card dischargeable in his Chapter 7 bankruptcy, but that the Plaintiff also lacks standing to bring a claim that the AT&T Universal Card debt is non-dischargeable. In support of his argument, the Plaintiff cites In re Stanley, 213 WL 1336103 (Bankr. N.D. Ala. 2013, in which that Court held that a plaintiff did not have standing to bring a non-dischargeability complaint for a debt that was not owed to her, but was owed directly to credit card companies. The Stanley Court further ruled that, even though the defendant was ordered to pay those debts in the parties' divorce proceeding, it did not mean that the debts were now owed to the plaintiff nor did it give her standing to bring a dischargeability complaint.

Contrary to the ruling in Stanley in the Alabama Court, there are numerous other Courts which have held that an ex-spouse does have standing to bring a dischargeability complaint in regard to debts incurred in the course of a divorce decree, and that those debts are non-dischargeable under 11 U.S.C. § 523(a)(15), even if the ex-spouse is not personally liable for that debt. In the case of In re Jaeger-Jacobs, 490 B.R. 352 (Bankr. E.D. Wisc. 2013, the Court ruled that, even though there was no clear personal liability by the non-debtor ex-spouse and that the non-debtor ex-spouse had not made payments on the disputed debts, the debts at issue were non-dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(15). In Jaeger-Jacobs, as in this case, the non-debtor ex-spouse had incurred a negative impact on his creditor report. The Court, in Jaeger-Jacobs, further ruled that the non-debtor ex-spouse did not have to wait to be directly damaged. Rather, the indemnification provision in the parties' marital settlement agreement created a new debt that ran between the spouses. The same result was reached by Judge Perkins in the case of In re Harn, 208 WL 130914 (Bankr. C.D. Ill. 2008), in which he held that hold-harmless language in a marital settlement agreement imposed a new liability upon the debtor

which was independent of the pre-existing liability on the underlying debt.  The Plaintiff accurately points out that the same conclusion was reached by the Courts in <u>In re Burckhalter</u>, 389 B.R. 185 (Bankr. Dist. Colo. 2008); <u>In re Wodark</u>, 425 B.R. 834 (Bank. App. Panel 10th Cir. 2010), and <u>In re Washburn</u>, 2010 WL 4008154 (Bankr. N.D. Ga. 2010).

In reviewing the cases cited by both parties, the Court finds that it concurs with the logic and reasoning reached by the Courts which have held that debts created by hold-harmless language and indemnification provisions in a martial settlement agreement impose a new liability independent of the underlying debt which runs between the spouses.  As such, under the clear statutory language of 11 U.S.C. § 523(a)(15), such a debt imposed under a marital settlement agreement entered in a valid dissolution proceeding is non-dischargeable as between the spouses, even where an ex-spouse has no personal liability on the underlying debt, as in the case at bar.  The Court reaches this conclusion even though the Debtor/Defendant's obligation to the Plaintiff is contingent upon the exercise of rights by AT&T Universal Card against the Plaintiff.

###